13-1973-cv
Jill Stuart (Asia) LLC v. Sanei Int'l & Sanei Int'l USA

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
_____

JILL STUART (ASIA) LLC,

                    *Plaintiff-Appellant*,

        -v-                                      13-1973-cv

SANEI INTERNATIONAL CO., LTD., SANEI INTERNATIONAL USA, LLC,

                    *Defendants-Appellees*.
_____

Appearing for Appellant:     Michael J. Sheppeard (Dwight E. Yellen, *on the brief*), Ballon Stoll Bader & Nadler, P.C., New York, N.Y.

Appearing for Appellee:      Lisa T. Simpson (Emily J. Green, Daniel Kahn, Marc R. Shapiro, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum decision and order of said District Court be and it hereby is **AFFIRMED**.

Jill Stuart Asia LLC ("JS Asia") appeals from an April 25, 2013 Memorandum Decision and Order of the United States District Court for the Southern District of New York (Forrest, *J.*) granting defendants-appellees Sanei International Co., Ltd.'s and Sanei International USA, LLC's (collectively, "Sanei") motion to dismiss JS Asia's claims for breach of contract, declaratory relief, and tortious interference, and dismissing the case. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.      Breach of Contract

To state a claim for a breach of contract under New York law, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). While JS Asia has certainly alleged element (1) and element (4), it has not plausibly alleged elements (2) and (3). That is because, as the district court concluded, JS Asia cannot plausibly allege that it performed its side of the 2007 Amended and Restated Services Agreement ("Agreement"), nor can it allege that Sanei breached the Agreement.

As an initial matter, JS Asia's own allegations show that it did not perform its obligations under the Agreement, as it alleges: "JS Asia did not forward any samples to Sanei Asia for any styles that were not ordered." This factual allegation directly conflicts with the obligations detailed in section 3(d) of the Agreement, i.e.,"JS Asia *shall* provide Sanei samples for its line of Collection Products, . . ." (emphasis added). Further, JS Asia's allegations directly contradict, and do not address, the unambiguous language of section 3(e), which states that Sanei is under no obligation to purchase products from JS Asia.

The district court correctly held that the Agreement was unambiguous in its terms, and that accordingly, it would not look to extrinsic evidence of the parties' course of dealing. "Contract language is unambiguous when it has a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000) (alteration in original) (internal quotation marks omitted). Although JS Asia contends that § 3(d) is ambiguous, there is nothing in § 3(d) or (e) that is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* (internal quotation marks omitted).

Next, as to whether JS Asia adequately pleaded element (3) of its breach of contract claim, the district court correctly found that it had not pleaded sufficient facts to show that Sanei had breached the Agreement. That is because section 4 of the Agreement provides that in the case of a "material breach," either party "shall have the right to terminate this Agreement immediately . . . [if the breach] is not cured within thirty (30) days after notice thereof." As the district court noted, the Agreement clearly defines "material breach" as including "*JS Asia's failure to provide services that Sanei expects under this Agreement*" (emphasis added). By JS Asia's own allegations, therefore, it is undisputed that JS Asia did not provide certain "services," i.e., samples, that Sanei expected under the Agreement, and Sanei was thus entitled to avail itself of the termination provision.

2

JS Asia also argues that Sanei's "Notice to Cure" was defective, in that Sanei asked for the entire amount apportioned to "Samples and Misc." under the Agreement. However, even if Sanei's request in its "Notice to Cure" was excessive under the Agreement (in that it demanded the return of too much money), JS Asia does not address or allege why that alone would constitute a breach of the Agreement on Sanei's part.

In sum, JS Asia's allegations of its own satisfactory performance and Sanei's breach of the Agreement, both essential elements for a breach of contract claim, are contradicted by the plain language of the Agreement's services and termination provisions, and thus, we affirm the district court's dismissal of the breach of contract claim.

## II.     Declaratory Relief

We also affirm the district court dismissal of JS Asia's claim for declaratory relief. The relief requested—a declaration (1) that Sanei's attempted termination is improper; (2) that § 3(d) of the Agreement only requires that samples be furnished after orders are placed; and (3) that the exclusive remedy for failure to provide samples is the "pro rata" return of a portion of the Services and Misc. fee, rather than a termination of the Agreement—is belied by the plain terms of the Agreement. Construing the Agreement's "Services" sections 3(d) and (e), and the "Termination" section 4, the district court properly concluded that Sanei was within its rights to terminate the Agreement. As discussed above, that is because JS Asia failed to provide a service under the Agreement. That is, JS Asia's conduct constituted a "material breach," which it did not work to cure within thirty days.

## III.    Tortious Interference

In support of its tortious interference claim, JS Asia alleges that "Sanei USA intentionally and maliciously induced Sanei Asia to wrongfully attempt to terminate the 2007 Services Agreement for the sole purpose of inflicting intentional harm on the Plaintiff." This conclusory statement is unsupported by any factual allegations. In order to state a claim for tortious interference, "the plaintiff must show the existence of its valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages." *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 426 (2007).

Because there are no allegations in the complaint to plausibly support the claim that Sanei USA "intentionally and improperly procured a breach" of the Agreement, we affirm the district court's dismissal of JS Asia's claim for tortious interference.

## IV.    Dismissal with Prejudice

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course," and courts are directed that leave to amend a complaint should be "freely" given "when justice so requires." JS Asia never sought to amend its complaint as of right, nor requested leave to amend its complaint, even upon the case's initial removal to federal court. As such, the contention that the district court had not given it the opportunity to amend its complaint is without merit.

Finally, the district court concluded, sua sponte, that "any amendment would be futile on these facts," and for that reason dismissed the complaint with prejudice. JS Asia does not challenge this finding on appeal or assert other facts in support of its claims; it merely states that it should have been allowed to amend its complaint to comply with the federal rules of pleading. This challenge to the district court's order must therefore be rejected. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir. 1998) ("[W]e reject Pani's argument that the district court erred in dismissing his claims without granting him leave to amend his complaint. Pani never requested leave to amend from the district court, and on appeal he has made no showing that he would be able to amend his complaint in a manner that would survive dismissal.").

We have considered JS Asia's remaining arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4